IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARMANDO LONGORIA, § | |
| TDCJ-CID NO.348084, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-1446 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Respondent. § | |

OPINION ON DISMISSAL

Petitioner Armando Longoria, a state inmate proceeding *pro se*, filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1980 judgment of a conviction for burglary of a building with intent to commit theft in cause number 310232 in the 179th District Court of Harris County, Texas. (Docket Entries No.1, No.2). For the reasons to follow, the Court will dismiss petitioner's habeas petition.

Background

Petitioner reports that on March 4, 1980, upon a plea of guilty, he was convicted of burglary of a building with intent to commit theft and sentenced to eight years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not appeal his conviction. On December 12, 2006, he filed a state habeas application, challenging the burglary conviction on grounds that (1) the indictment was fundamentally defective; (2) he was denied the effective assistance of counsel; (3) and his sentencing trial was illegal. (*Id.*). On January 17, 2007, the Texas Court of Criminal Appeals dismissed the application because petitioner's sentence had been discharged. (*Id.*). In late April, 2007, petitioner filed the pending federal habeas petition challenging his 1980 conviction on the same grounds. (Docket Entries No.1, No.2).

Petitioner acknowledges that his sentence has been discharged and that he is no longer in

custody for this conviction. (Docket Entry No.1). Nevertheless, petitioner complains that he is presently confined in TDCJ-CID for sixty years on a 1982 conviction for burglary of a habitation with the intent to commit theft and that the 1980 conviction was used to enhance the 1982 conviction.

Discussion

A federal district court has jurisdiction to entertain a petition for writ of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The custody requirement is satisfied if the challenged conviction has not expired when the petition is filed. *Id.*; *Carafas v. Lavallee,* 391 U.S. 234, 238 (1968). Once a conviction has expired, the collateral consequences of that conviction are insufficient to render the petitioner "in custody" for purposes of a habeas attack on the conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). However, when a petitioner challenges a sentence as enhanced by an allegedly invalid prior conviction, the "in custody" requirement for federal habeas jurisdiction is satisfied. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). To the extent that petitioner challenges the 1980 conviction, he fails to meet the requirements of *Maleng* and *Lackawanna*; therefore the petition is subject to dismissal. To the extent that petitioner challenges his 1982 conviction on the ground that it was enhanced by the allegedly invalid 1980 conviction, he has met the custody requirement of *Maleng* and *Lackawanna*. Nevertheless, the petition is subject to dismissal as time-barred, for the reasons to follow.

Petitioner reports that on December 9, 1982, he was sentenced to sixty years confinement in TDCJ-CID upon a conviction for burglary of a habitation with the intent to commit theft in cause number 82-CR-636-B in the 117th Judicial District Court of Nueces County, Texas. (Docket Entry No.1). The Thirteenth Court of Appeals for the State of Texas affirmed petitioner's conviction on

December 22, 1983. *Longoria v. State*, 663 S.W.2d 649 (Tex. App.–Corpus Christi, 1983, no pet.). Petitioner did not file a petition for discretionary review ("PDR"). His time to file a PDR expired thirty days after the Thirteenth Court of Appeals affirmed his conviction. TEX. R. APP. PROC. 68.2(a). Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on or about January 22, 1984. 28 U.S.C. § 2244(d)(1)(A).

Petitioner does not state when he filed a state habeas corpus application in the 117th Judicial District Court or the grounds upon which he sought relief from his conviction in cause number 82-CR-636-B. State records, however, show that the Texas Court of Criminal Appeals granted the application on June 19, 1985.[1] The record does not reflect the specific relief the Texas Court granted petitioner. In any event, petitioner indicates that he remains incarcerated on the 1982 conviction. (Docket Entry No.1).

Petitioner executed his petition for a federal writ of habeas corpus in this Court on April 24, 2007. Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997).

II.  ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] *See* www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=146880.

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about January 22, 1984. *See* 28 U.S.C. § 2244(d)(1)(A); SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on January 22, 1985.

Because the limitations period found in AEDPA was not enacted until April 24, 1996, the Fifth Circuit has recognized that habeas petitioners whose convictions are final before that date are entitled to reasonable notice of the one-year limitations period. *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255). In that regard, the Fifth Circuit has determined that one year, commencing on April 24, 1996, is a reasonable period. *Id.* at 1006. Petitioners challenging state convictions that were final before AEDPA's enactment are entitled to the same notice period. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Therefore, petitioner had until April 24, 1997, to file his federal writ unless he had a state application for a writ of habeas corpus pending. If petitioner had properly filed a state application before April 24, 1997, such application would have tolled the limitations period. *Fields v. Johnson*, 159 F.3d 914, 915-16 (5th Cir. 1998). Petitioner, however, did not file his state application for habeas corpus relief until December 12, 2006, years after limitations expired. Therefore, he is not entitled to the tolling provisions found in § 2244(d)(2).

Petitioner did not respond to the Court's Order, entered May 15, 2007, directing petitioner to file a written statement addressing the limitations bar and equitable tolling, if applicable. Moreover, he has not alleged in his pleadings that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-

year limitation period and, therefore, this action is DISMISSED.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

IV.     CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for writ of habeas corpus is DENIED.

2. This cause of action is DISMISSED, with prejudice, for want of jurisdiction and alternatively, as untimely pursuant to 28 U.S.C. § 2244(d).

3.	A certificate of appealability is DENIED.

4.	All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this 11th day of July, 2007.

	_____
	MELINDA HARMON
	UNITED STATES DISTRICT JUDGE